Darryl Carter
1709 E. Hattie Street
Fort Worth, TX 76104
Phone: no cell phone service
Email: access2courts@posteo.org

Attorney for PLAINTIFF

# UNITED STATES DISTRICT COURT

# FOR THE NORTHER DISTRICT OF TEXAS

# FORT WORTH DIVISION

| | |
|---|---|
| DARRYL CARTER,<br><br>           Plaintiff,<br><br>     vs.<br><br>CITY OF FORT WORTH; OFFICER STEVENSON IN HIS OFFICIAL CAPACITY; OFFICER LEON IN HIS OFFICIAL CAPACITY; DOES 1-15<br><br>           Defendants. | Case No.:<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**<br><br>U.S. Constitution Amendment I (Freedom of Speech);<br><br>U.S. Constitution Amendment VIII (Cruel and Unusual Punishment);<br><br>28 U.S.C. § 2201 |

1
**COMPLAINT FOR DECLARATORY AND  INJUNCTIVE RELIEF**

TABLE OF CONTENTS

PARTIES..................................................................................................................2

JURISDICTION AND VENUE................................................................................3

FACTUAL BACKGROUND...................................................................................3

CAUSES OF ACTION............................................................................................7

   COUNT I (U.S. Constitution Bill of Rights Collectively, Amendments I, VIII, XIV) (Declaratory Relief; Injunctive Relief)........................................................7

PRAYER.................................................................................................................10

## PARTIES

1.

The City of Fort Worth is a local government in the state of Texas. The principal address of the City of Fort Worth is 200 Texas Street, Fort Worth, TX 76102. Defendant officer Stevenson badge #4057, is employed at/by/through the City of Fort Worth whose principal address is likewise located at 200 Texas Street, Fort Worth, TX 76102, and an alleged officer present during the incident and matters giving rise to this herein complaint. Defendant officer Leon badge #4115 is employed at/by/through the City of Fort Worth whose principal address is likewise located at 200 Texas Street, Fort Worth, TX 76102, and an alleged officer present during the incident and matters giving rise to this herein complaint.

2.

2

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff Darryl C. Carter is the plaintiff in this action whose temporary mailing address only for the purposes of this action is: 1709 E Hattie Street, Fort Worth, TX 76104.

3.

Upon information and belief, defendants DOES 1-15 work at or are employed at, by, or through the federal (or state) government in an unknown capacity and are believed to have played a role in the events specific to this action likely through the use of illegal spying, surveillance, harassment and retaliation.

## JURISDICTION AND VENUE

4.

Plaintiff brings this action per the United States Constitution incorporating the Bill of Rights with emphasis on the First, Eight, and Fourteenth Amendments.

5.

Furthermore, this court is appropriate with respect to venue as the violations and harm complained of, as set forth herein, against plaintiff occurred in this district. Furthermore, all of the named defendants have their principal office/address located in the Fort Worth judicial district.

## FACTUAL BACKGROUND

6.

At or around 3:36 pm on Tuesday May 26, 2020, plaintiff was standing on the sidewalk on Houston Street, Downtown Fort Worth, across the street from the Omni Hotel and adjacent to the Fort Worth Convention Center. The Fort Worth Convention Center at the time of the incident was closed for business and has been closed for business for the past several months per the COVID-19 pandemic. Since

the COVID-19 pandemic, as set forth ante, the Fort Worth Convention Center has been used as a 300 bed makeshift homeless shelter.

7.

At the same date and time, ante, item #6, plaintiff observed a black male appear from behind a fenced in area on the grounds of the Fort Worth Convention, separate and apart from the area where plaintiff was standing. In fact, the area where the Negro male, who later alleged to be a "security officer," is only accessible from that side of the building via traversing three (3) steps downwards into a courtyard area, which is the area from which the alleged Negro "security officer" arose. The same courtyard area has a camera directly above the area where the alleged Negro "security officer" was standing.

8.

About thirty minutes prior to the alleged Negro "security officer's" arrival, ante, plaintiff was using the public Wi-Fi which the provider of such utilizes AWS (Amazon Web Services) as the service host. The underlying data services are believed to provided by AT&T. Both AT&T and AWS are known to provision and enable secret backdoor access to internet data streams (illegal domestic spying). Upon information and belief, plaintiff's internet connection involved criminal 'eavesdropping' by one or more DOES and/or named defendants, who in turn directed the alleged Negro "security officer" to the scene to harass and threaten plaintiff with arrest due to the nature of the email plaintiff drafted and submitted to the Media.

9.

In the email to the Media (Epoch Times, etc.), ante, plaintiff complained of fraud, misconduct, and being forcibly held in the City of Fort Worth, TX, since on or around March 8, 2020 when plaintiff began to be personally affected by the

4
**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

1  COVID-19 pandemic. Plaintiff complained of the need for help as he has been on a
2  daily basis roaming the streets begging for food, and, also, begging for clothes and
3  the immediate pressing need for healthcare, to which he has no access without
4  agreeing to payment, notwithstanding the fact plaintiff has no income and has been
5  forcibly trapped in Fort Worth, TX without any financial resources, whatsoever,
6  while being forced to sleep in a homeless shelter, or outside, whereas the COVID-
7  19 pandemic is being used as a front to keep plaintiff trapped and in place as
8  similarly outlined in case 3:20-CV-00259-S-BT in the Northern District of Texas,
9  Dallas Division. Said case is a "poster child" case of fraud and malfeasance using
10 Texas Penal Code § 30.05 as the primary and principal harassment tool as
11 retaliation for plaintiff's complaints of fraud and malfeasance, ante.

10.

Within moments of the alleged "security officer's" arrival, plaintiff could overhear the alleged "security officer" speaking to another person via a "walkie-talkie) system. Within five minutes or less, the alleged "security officer" speaks from the courtyard area, ante, to plaintiff standing on the public sidewalk, "They don't want anybody (sic) hanging around this area, you need to keep it moving." Plaintiff replied, "Who are they? And who are you?" The alleged negro "security officer" responded: "They are the people that own this convention center, and I am a security officer for the city (of Fort Worth)." The so-called negro "security officer" never provided his name nor did he every demonstrate any badge or identification, to plaintiff, with respect to the Negro "security officer's" official status. Plaintiff replied, "I'm standing on public property and don't give a shit what they told you and I'm going to continue to stand here."  At that point, the alleged negro "security officer" stated: "you (sic) don't like it, I will call the police."

11.

5
**COMPLAINT FOR DECLARATORY AND  INJUNCTIVE RELIEF**

12.

Within five (5) minutes or so of calling the police, ante, the police arrive on the scene; a total of (4) police officers arrived on the scene three (3) of which Caucasian and one believed to be of Hispanic Latino descent  As set forth, ante, two (2) of the police officers provided their badge information, the other two (2) officers did not do so  The police officers arrived in two (2) cars, one of which a White unmarked SUV Texas license plate 142-1536; it is this vehicle in which officer Stevenson badge #4057 arrived and later departed.

13.

The alleged negro "security officer" in the presence of the police officers, ante, stated while now standing on the public sidewalk, along with plaintiff and the police officers: "I don't want him hanging around here and I'm giving you a verbal warning." At this point, both police officer's Leon and Stevenson stated that they were giving plaintiff a verbal warning with respect to Criminal Trespass with respect to Texas Penal Code § 30.05 and/or a local ordinance derived from Texas Penal Code § 30.05. Plaintiff responded, "I'm standing on public property and that's where I'm going to stand, I'm not on the property of the Fort Worth Convention Center." Both officers, ante, stated "It doesn't matter, we can still arrest you if he (the alleged negro security officer) calls us again about this."

14.

During the entire duration of this situation from the time the alleged negro "security officer" arrived until the police left, the entire situation unfolded in view of the security camera posted on the side of the building, ante, along with several still pictures and a partially recorded video, one minute and fourteen seconds in duration.

6

**COMPLAINT FOR DECLARATORY AND  INJUNCTIVE RELIEF**

## CAUSES OF ACTION
## COUNT I
**(U.S. CONSTITUTION BILL OF RIGHTS COLLECTIVELY, AMENDMENTS I, VIII, XIV)**
**(DECLARATORY RELIEF; INJUNCTIVE RELIEF)**
**(Asserted Against City of Fort Worth; Officer Stevenson; Officer Leon)**

15.

Plaintiff alleges and incorporates ¶¶ 1-14 as though fully set forth herein.

16.

Plaintiff while standing on a sidewalk on public property was harassed by a token preemptively illiterate negro "security officer" and four (4) City of Fort Worth police officers following an email to the Epoch Times and other media sources.

17.

Defendants acknowledged that plaintiff was not occupying the Fort Worth Convention Center property yet stated that plaintiff could still be arrested for criminal trespass.

18.

Plaintiff has visited the same area, the scene of this herein complaint for over two-months now, without a single solitary word from anyone. In fact, plaintiff has visited the same scene during one or more very strict shelter in place (SIP) order(s) – again without word or incident from anyone. This area of the incident is

7
**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

in close walking distance to plaintiff with the strongest signal and greatest bandwidth of available Wi-Fi locations within walking distance to plaintiff.

19.

Plaintiff has consistently complained of the need for food, clothes, and health care. Plaintiff has not been tested for COVID-19 notwithstanding complaints of the shelter accommodations involving an extremely high risk situation of being housed with the individuals with which plaintiff is housed, which, in turn, gave rise to the email plaintiff sent, while on the scene of the incident, prior to situation unfolding. Moreover, the conditions have been worsening at plaintiff's shelter location including regular movement of individuals into plaintiff's facility without trace contact questioning or follow-up with respect to COVID-19 exposure, freezing temperatures at night (albeit very warm inside during the day when AC is most needed) which as of late is causing or contributing to several individuals repeatedly sneezing and coughing into community air (presumed sick) without wearing masks; a dirty shoddy uncovered ventilation system blowing all kinds of dust particles and pollutants into the community air where plaintiff sleeps. Plaintiff has no working cell phone service; thus, without Wi-Fi access, ante, plaintiff has no way to communicate his situation and seek help. This is especially true as plaintiff is not from Texas but arrived from

8
**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

California and only in Texas as a result of being stranded in Texas following a visit to Texas.

20.

An actual and justiciable controversy has arisen and now exists between the parties. Plaintiff insists and contends that he has a right to occupy public space as set forth ante without harassment, threats of arrest, or conversation from any security or police officer. Furthermore, plaintiff contends this incident would not have occurred but for plaintiff's communication to Media i.e. The Epoch Times, etc., pleading for help with respect to fraud and malfeasance. Plaintiff further believes Tarrant County is extremely and perversely corrupt, which plaintiff contends is the motive for the contrived incident complained of herein. Plaintiff further understands and believes that the black woman shot and killed in her own home by unidentified white Fort Worth police officers is exemplary of the corruption and sanctioned killings which further fuels the depth of the controversy and the concern for plaintiff's welfare in the face of dirty white supremacist police officers and their token $10 per hour niggers, eager to be in their good graces.

21.

Defendants contend and plaintiff believes defendants will continue to contend they have the right to arrest plaintiff for occupying a public sidewalk and using Wi-Fi not owned by any defendant.

9
**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

22.

A judicial declaration is necessary and proper so that the parties may ascertain their respective legal rights, obligations, and duties with respect to plaintiff's occupancy of public sidewalk space, ante. Furthermore, for quite sometime now Tarrant County has been releasing individuals from the county jail charged with at least class 3 misdemeanors and upon information and belief including release for class 2 misdemeanors – to prevent the spread of COVID-19. Meanwhile plaintiff is threatened with a class 3 misdemeanor for occupying a public sidewalk immediately following an email to the Media i.e. Epoch Times, etc. Plaintiff has no adequate remedy at law. See *Martin v. City of Boise*, No. 15-35845 (9th Cir. 2019), Certiorari Denied.

24.

# PRAYER

WHEREFORE, Plaintiff prays for judgment against defendants and others as follows:

**Regarding the first claim of relief:**

1. A declaration that defendants' warning and threat of arrest is an illegal abuse of Texas Penal Code § 30.05;
2. An order enjoining defendants from any all further harassment, threat of arrest, or arrest with respect to plaintiff's occupancy of the public sidewalk as set forth herein;

10
**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

3. The right to amend the complaint as discovery may illustrate other DOES involved in the matters giving rise to this complaint;
4. An order for all defendants to pay any and all of plaintiff's costs.

**Regarding all claims for relief:**

1. An order for all defendants to pay any and all of plaintiff's costs pursuant this action, including attorney fees, pursuant the work expended for this action;
2. Equitable recovery of plaintiff's time pursuing this action at a rate of $195 hourly for each and every hour expended pursuing this matter as per the underlying bad faith element on defendants' part giving rise to this action;
3. Any further relief that this Court deems just and proper.

DATED: May 27, 2020                                   _____
                                                      Darryl Carter

11
**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**