IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| DARRYL CARTER, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:20-cv-00537-O-BP |
| § | |
| CITY OF FORT WORTH, *et al.*, § | |
| § | |
| Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff, Darryl Carter ("Carter"), complains that the Defendants, City of Fort Worth ("City"), Officer Stevenson ("Stevenson"), and Officer Leon ("Leon"), violated his rights by "harassing" him on a public sidewalk after he emailed the Epoch Times and other media sources complaining of fraud, misconduct, and his forcible detention in the City. ECF No. 1. He proceeds *pro se* and *in forma pauperis*. This case was automatically referred to the undersigned pursuant to Special Order 3 on May 27, 2020. ECF No. 7.

Before the Court are Carter's Complaint (ECF No. 1) filed May 27, 2020; Motion for Temporary Restraining Order (ECF No. 4) filed May 27, 2020; Motion for Injunction and Brief/Memorandum in Support (ECF Nos. 10 and 11) filed on June 9, 2020; and Motion to Shorten Time (ECF No. 12) filed June 9, 2020. After considering the pleadings and applicable legal authorities, the Court concludes that Carter's Complaint should be dismissed because Carter fails to state a claim on which relief may be granted as to his First Amendment claim and because the Court is without subject matter jurisdiction over his Eighth and Fourteenth Amendment claims as he lacks standing. The undersigned therefore **RECOMMENDS** that United States District Judge Reed O'Connor **DISMISS** Carter's First Amendment claims and claims against the City of Fort

Worth **with prejudice**, **DISMISS** his Eighth and Fourteenth Amendment claims **without prejudice**, **DENY** his Motions for Temporary Restraining Order and Injunction, and **DENY as moot** his Motion to Shorten Time.

I.   Background

This case is Carter's second suit against the City in this Court. In February of this year, he sued the City among other defendants in a *pro se* Complaint for alleged violations of his First, Eighth, and Fourteenth Amendment rights. *See Carter v. Dallas Police Dep't*, No. 3:20-cv-00259-S-BT, ECF No. 1 at 1. There, United States District Judge Karen G. Scholer dismissed his case for failure to state a claim as well as lack of subject-matter jurisdiction, finding he was not authorized to sue the Dallas Police Department and the City. *Carter*, No. 3:20-cv-00259-S-BT, ECF No. 20.

In his pending Complaint, Carter alleges that the Defendants have violated his First, Eighth, and Fourteenth Amendment rights. ECF No. 1 at 7. He claims that as he was standing on the sidewalk across the street from the Omni Hotel and adjacent to the Fort Worth Convention Center, the Defendants "eavesdropped" on him through his internet connection and decided to harass and threaten him after he emailed "the Media." *Id.* at 4. Carter states that the Defendants harassed him because in his email, he complained of fraud, misconduct, and "being forcibly held in the City of Fort Worth, TX, since on or around March 8, 2020 when plaintiff began to be personally affected by the COVID-19 pandemic." ECF No. 1 at 4-5.

As in his previous suit against the City, Carter alleges that the COVID-19 pandemic is being used as a ploy to keep him "trapped and in place," forced to sleep in a homeless shelter without any financial or medical resources. *Id.* at 5. He contends that because of the email he sent, Stevenson, Leon, and an unidentified security officer violated his rights by informing him he could

be charged with criminal trespass for refusing to leave the area after being asked by the security officer. *Id.* at 7, 9.

Carter seeks a declaration that Defendants' warnings and threats of arrest are illegal abuses of Texas Penal Code § 30.05 and an injunction enjoining the Defendants from any "further harassment, threat of arrest, or arrest with respect to [his] occupancy of the public sidewalk." *Id.* at 10. He also requests to recover his costs, including "equitable recovery of plaintiff's time" at the hourly rate of $195 per hour spent on this matter. *Id.* Carter also moves for a temporary restraining order enjoining the City and Defendants Leon and Stevenson from issuing criminal sanctions against him for occupying publicly designated sidewalks. ECF No. 4 and 4-1. He also seeks temporary injunctive relief enjoining those defendants from chilling his first amendment right to free speech, suppressing and interfering with his right of free movement, and from illegally using Texas Penal Code § 30.05 to harass, intimidate, and threaten him for exercising his constitutional rights. ECF No. 10 at 2.

## II.   LEGAL STANDARD

### A.  Screening under 28 U.S.C. § 1915(e)(2)(B)

Because Carter is proceeding *in forma pauperis*, the Court is authorized under 28 U.S.C. § 1915(e)(2)(B) to screen his case to determine whether it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant that is immune from such a claim. *Smilde v. Snow*, 73 F. App'x 24, 25 (5th Cir. 2003). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009). A complaint lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 326–27; *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999). And to state a claim upon which relief may be granted,

a complaint must plead "enough facts to state a claim to relief that is plausible on its face" with enough specificity "to raise a right to relief above the speculative level[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Pursuant to this provision, the Court may review a complaint and dismiss *sua sponte* those claims premised on meritless legal theories and those that clearly lack any basis in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke*, 490 U.S. at 325. A § 1915(e) dismissal may be made at any time before or after service of process and before or after an answer is filed. *Wells v. Louisiana State Att'y Gen.*, No. CV 10-376-B-M2, 2011 WL 13186240, at *6 (M.D. La. Apr. 14, 2011), *subsequently dismissed sub nom. Wells v. State Att'y Gens. of Louisiana*, 469 F. App'x 308 (5th Cir. 2012).

    B. <u>Rule 12(b)(1)</u>

Rule 12(b)(1) permits dismissal for lack of subject matter jurisdiction. "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). District courts "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject-matter jurisdiction over a case. *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) ("[A] federal court may raise subject matter jurisdiction *sua sponte*.").

A federal court has subject-matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," and civil cases in which the amount in

controversy exceeds $75,000, exclusive of interest and costs, and diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. "[S]ubject-matter jurisdiction cannot be created by waiver or consent." *Howery*, 243 F.3d at 919. Absent jurisdiction conferred by statute or the Constitution, the federal district court does not have the power to adjudicate claims and must dismiss an action if subject-matter jurisdiction is lacking. *Id.*; *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). Dismissal for lack of subject matter jurisdiction "is not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977)).

    C. <u>Rule 12(b)(6)</u>

Rule 12(b)(6) permits dismissal of a complaint for failure to state a claim upon which relief can be granted. The Rules require that each complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). A complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In considering a Rule 12(b)(6) motion, courts "take all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff . . . and ask whether the pleadings contain 'enough facts to state a claim to relief that is plausible on its face.'" *Yumilicious Franchise, L.L.C. v. Barrie*, 819 F.3d 170, 174 (5th Cir. 2016) (citing *Twombly*, 550 U.S. at 547). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).

In ruling on a motion to dismiss, a court may consider documents outside the complaint when they are: (1) attached to the motion to dismiss; (2) referenced in the complaint; and (3) central to the plaintiff's claims. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). Additionally, a court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment. *See Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) ("Generally, a court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.") (citation and quotation marks omitted).

There exists a "well-established policy that the plaintiff be given every opportunity to state a claim." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977)). It is federal policy to decide cases on the merits rather than technicalities, and thus when possible the Fifth Circuit has recommended that suits be dismissed without prejudice on Rule 12 motions. *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002); *Hines v. Wainwright*, 539 F.2d 433, 434 (5th Cir. 1976) (vacating and remanding a Rule 12(c) dismissal with instructions to the district court to dismiss without, instead of with, prejudice). As a result, courts generally allow plaintiffs at least one opportunity to amend following a Rule 12 dismissal on the pleadings. *Great Plains Tr. Co.*, 313 F.3d at 329; *see In re Online Travel Co. (OTC) Hotel Booking Antitrust Litig.*, 997 F. Supp. 2d 526, 548–49 (N.D. Tex. 2014) (Boyle, J.) (dismissing for failure to state a claim without prejudice, as dismissing with prejudice would be "too harsh a sanction"). Nonetheless, courts may appropriately dismiss an action with prejudice if a court finds that the plaintiff has alleged its best case. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999). Moreover, courts may dismiss an

action with prejudice if the defendant is entitled to absolute immunity because the "plaintiff will never have a claim against the defendant based on the particular facts alleged." *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994).

A *pro se* plaintiff's pleadings are liberally construed. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A "*pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* However, as noted above, a court may dismiss a complaint with prejudice if the plaintiff has pleaded his best case. *Jones v. Greninger*, 188 F.3d at 326–27 (citing *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986); *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)).

### III.   ANALYSIS

Carter asserts that the Defendants violated his First, Eighth, and Fourteenth Amendment rights as well as 28 U.S.C. § 2201. ECF No. 1. He claims that he was "harassed" by a "security officer" and four City police officers for allegedly criminally trespassing after he emailed various media outlets. *Id.* at 7. Carter does not specifically assert his claim under 42 U.S.C. § 1983. However, as Judge Rutherford stated in his previous case, "that statute is the mechanism by which a complaint may assert a claim against a state actor for violating his or her constitutional rights." *Carter*, No. 3:20-cv-00259-S-BT, ECF No. 11 at 4-5 (citations omitted). Therefore, the Court construes Carter's First, Eighth, and Fourteenth Amendment claims under § 1983.

As with Judge Rutherford's consideration of Carter's previous case, the undersigned does not construe Carter's Complaint as asserting a claim against the Defendants under *Ex parte Young*. *See id.* at 5, n.2. Carter's Complaint alleges a single incident that occurred on May 26, 2020 in which the Defendants allegedly violated his rights, not "a continuing violation of a federal right." ECF No. 1 at 3-6. *See Nelson v. Univ. of Tex. at Dall.*, 491 F. Supp. 2d 672, 678-79 (N.D. Tex.

2007) ("[T]he requirement of a continuing violation of a federal right is a substantive requirement, not a formal requirement that can be evaded by artful pleading." (citing *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 270 (1997))).

Carter's Complaint should be dismissed because it fails to state a claim upon which relief can be granted, and the Court lacks subject-matter jurisdiction over Carter's Eighth and Fourteenth Amendment claims as he lacks standing to bring them.

### A. Carter fails to state a claim against the City.

A municipality may not be held liable for the acts or omissions of its actors under § 1983 merely based on *respondeat superior*. *See Piotrowski v. City of Hous.*, 237 F.3d 567, 578 (5th Cir. 2001) (citing *Monell v. Dep't. of Soc. Servs.*, 436 U.S. 658, 694 (1978)). Instead, a municipality may only be liable for its unconstitutional policies or customs. *Monell*, 436 U.S. at 691. To establish municipal liability, a plaintiff must prove: (1) an official policy or custom, of which (2) a policymaker had actual or constructive knowledge, and (3) a constitutional violation whose moving force is that policy or custom. *Pineda v. City of Hous.*, 291 F.3d 325, 328 (5th Cir. 2002) (citing *Piotrowski*, 237 F.3d at 578).

Carter claims that Tarrant County is "extremely and perversely corrupt," which was the motivation behind Stevenson and Leon's actions in harassing him. *Id.* at 9. Carter does not specifically state any claims against the City, as opposed to Tarrant County. However, because he is proceeding *pro se*, the Court liberally construes his claims as asserting that the City is liable for the actions of Defendants Stephenson and Leon, two City police officers. ECF No. 1.

To hold a municipality liable, a plaintiff must first demonstrate the existence of an official policy or custom. *Piotrowski*, 237 F.3d at 579. "Official policy can arise in various forms. It usually exists in the form of written policy statements, ordinances, or regulations, but also may arise in the

form of a widespread practice that is 'so common and well-settled as to constitute a custom that fairly represents municipal policy.'" *James v. Harris Cnty.*, 577 F.3d 612, 617 (5th Cir. 2009) (quoting *Piotrowski*, 237 F.3d at 579). Although a "single decision by a policy maker may, under certain circumstances, constitute a policy for which a municipality may be liable[,] ... this 'single incident exception' is extremely narrow and gives rise to municipal liability only if the municipal actor is the final policymaker." *Valle v. City of Hous.*, 613 F.3d 536, 541-42 (5th Cir. 2010) (citations, brackets, and some internal quotation marks omitted).

Carter states his belief that Tarrant County is corrupt and that this was the motive behind the City's police officers harassing him. ECF No. 1 at 9. Carter tries to support his claim by contending that a "black woman" was "shot and killed in her own home by unidentified white Fort Worth police officers," which proves that "dirty white supremacist police officers" run the City. *Id.* However, even construed liberally, Carter's complaint does not identify any City policies or customs, nor has he identified any evidence raising an inference that the City had policies or customs that lead to the actions of the officers in this case. Because he fails to allege any facts that would provide a path to liability by the City, Carter's claims against the City should be dismissed.

### B.  Carter fails to state a First, Eight, or Fourteenth Amendment claim.

Carter fails to state a claim against Defendants Stevenson and Leon under the First, Eighth, and Fourteenth Amendments. Section 1983 provides a claim against anyone who 'under color of any statute, ordinance, regulation, custom, or usage, of any State' violates another's constitutional rights." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013), *cert. denied*, ___ U.S. ___, 134 S. Ct. 1935 (2014). To state a claim for relief under § 1983, "plaintiffs must allege two elements: first, that they were deprived of a right or interest secured by the Constitution and laws of the United States, and second, that the deprivation occurred under color of state law." *Doe v. Rains*

*Cty. Indep. Sch. Dist.*, 66 F.3d 1402, 1406 (5th Cir. 1995) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)).

Carter claims that Stevenson and Leon violated his First, Eighth, and Fourteenth Amendment rights by harassing him and threatening to arrest him under Texas Penal Code § 30.05 if he did not vacate the sidewalk he was occupying after emailing several media sources. ECF No. 1 at 7. Specifically, he states:

> About thirty minutes prior to the alleged … "security officer's" arrival, ante, plaintiff was using the public Wi-Fi which the provider of such utilizes AWS (Amazon Web Services) as the service host. The underlying data services are believed to [be] provided by AT&T. Both AT&T and AWS are known to provision and enable secret backdoor access to internet data streams (illegal domestic spying). Upon information and belief, plaintiff's internet connection involved criminal 'eavesdropping' by one or more DOES and/or named defendants, who in turn directed the alleged … "security officer" to the scene to harass and threaten plaintiff with arrest due to the nature of the email plaintiff drafted and submitted to the Media.

*Id.* at 4. These statements fail to plead a facially plausible claim that Stevenson and Leon violated Carter's First, Eighth, or Fourteenth Amendment rights by threatening to arrest him for criminal trespassing in response to his email to the media. Carter supports his allegation by pointing to the fact that he has since visited the same sidewalk where the incident at issue here occurred on numerous occasions "without word or incident from anyone." ECF No. 1 at 7-8. However, Carter has not pleaded facts that allow the Court to draw a reasonable inference that Stevenson or Leon threatened to arrest him for trespassing in response to his emailing the Epoch Times, or that they were even aware that he sent this email. Carter has alleged no facts to support a claim that he was harassed or threatened due to exercising his rights under the First Amendment. Therefore, the Court should dismiss this claim under § 1915(e)(2)(B) as frivolous.

Furthermore, Carter lacks standing to bring a claim under the Eighth and Fourteenth Amendments. To establish standing, "the plaintiff must demonstrate injury in fact that is fairly

traceable to the defendant's conduct and that would be redressed by a favorable judicial decision." *NiGen Biotech, L.L.C. v. Paxton*, 804 F.3d 389, 396 (5th Cir. 2015). The party seeking to invoke federal jurisdiction bears the burden of establishing these elements. *See Little v. KPMG LLP*, 575 F.3d 533, 540 (5th Cir. 2009). Although the Court liberally construes allegations at the pleading stage, allegations of conjectural or hypothetical injuries do not establish standing. *Id.* (citations omitted).

A plaintiff lacks standing to raise an Eighth Amendment challenge to a warning that he is subject to prosecution for criminal trespass when he has not in fact been prosecuted for criminal trespass under state law. *Johnson v. City of Dallas*, 61 F.3d 442, 444 (5th Cir. 1995) ("[A] plaintiff who has not been prosecuted under a criminal statute does not normally have standing to challenge the statute's constitutionality.") (citations and internal quotations omitted); *see also Blankenship v. Buenger*, 653 F. App'x 330, 342 (5th Cir. 2016) (per curiam) ("[T]he Eighth Amendment was designed to protect those convicted of crimes.") (citations and internal quotations omitted). Here, Carter alleges that Stevenson and Leon issued him a warning that he could be arrested for criminal trespassing, but he does not claim that he was arrested or otherwise prosecuted for a criminal offense. Since Carter only received a warning, he lacks standing to bring an Eighth Amendment claim. Thus, the Court lacks subject-matter jurisdiction over his claim.

Carter also lacks standing under the Fourteenth Amendment due process clause as he only received a warning and was not actually prosecuted for criminal trespass. As the Court held in Carter's earlier case against the City, Carter lacks standing under the due process clause to assert claims for prospective relief as it is unknown what procedural due process Carter would have received if he had been arrested or prosecuted for criminal trespass. *See Carter*, No. 3:20-cv-00259-S-BT, ECF No. 20 at 9-10 (citing *Blankenship*, 653 F. App'x at 344 (Plaintiff's "potential

future arrest is an insufficient factual basis upon which to hold that § 30.05 fails to satisfy procedural due process")). Therefore, Carter lacks standing to bring a claim for relief under the Fourteenth Amendment and thus, the Court lacks subject-matter jurisdiction over this claim.

> C. Carter's request for injunctive relief fails with his underlying claims, and his Motion to Shorten Time is moot.

"[A]n injunction is a remedy that must be supported by an underlying cause of action . . . ." *Crook v. Galaviz*, 616 F. App'x 747, 753 (5th Cir. 2015). The undersigned's recommendation that Carter's claims under § 1983 be dismissed also should result in dismissal of his claims for injunctive relief. Accordingly, Carter's claim for injunctive relief should be denied, and his Motion to Shorten Time (ECF No. 12) for consideration of his request for injunctive relief should be denied as moot.

Carter has failed to allege facts or assert claims against the City, Stevenson, or Leon upon which relief can be granted. He also did not plead facts that would establish his standing to bring claims under the Eighth and Fourteenth Amendments. Accordingly, Judge O'Connor should **DISMISS** Carter's First Amendment claims and claims against the City of Fort Worth **with prejudice** under 28 U.S.C. § 1915(e)(2)(B), **DISMISS** his Eighth and Fourteenth Amendment claims **without prejudice** for lack of subject-matter jurisdiction because Carter does not have standing, **DENY** his Motions for Temporary Restraining Order and Injunction with his underlying substantive claims, and **DENY as moot** his Motion to Shorten Time.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state

the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

    **SIGNED** October 19, 2020.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE